UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

KRISTIN OLMSTEAD,   Civil Case No.: 1:23-cv-09031-DEH

                Plaintiff,

                                  **AMENDED ANSWER AND**
   - against -                       **DEMAND FOR JURY TRIAL**

PROOF TECHNOLOGY, INC.,

                Defendant.

----------------------------------------------------------------- X

Defendant PROOF TECHNOLOGY, INC. ("Defendant") by and through its attorneys Gordon & Rees, LLP, as and for its Amended Answer to the Complaint filed by Plaintiff, KRISTIN OLMSTEAD ("Plaintiff"), hereby responds as follows:

1. The allegations contained in paragraph 1 of the Complaint call for a legal conclusion to which no response is required except a denial.

2. The allegations contained in paragraph 2 of the Complaint call for a legal conclusion to which no response is required except a denial.

3. The allegations contained in paragraph 3 of the Complaint call for a legal conclusion to which no response is required except a denial.

4. The allegations contained in paragraph 4 of the Complaint do not refer to this Defendant and, therefore, no response is required. Upon information and belief, the Plaintiff identifies as a female. Defendant does not have sufficient knowledge or information to form a belief as to where the Plaintiff currently resides.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. The allegations contained in paragraph 8 of the Complaint call for a legal conclusion to which no response is required except a denial.

9. Defendant admits that Plaintiff was a process server and was paid for her work. The remaining allegations call for a legal conclusion to which no response is required except a denial.

10. Defendant admits that on or about June 2021, Defendant offered Plaintiff a full-time position as Territory Manager with an annual salary of $48,000 which the Plaintiff accepted. The remaining allegations contained in paragraph 10 of the Complaint are denied.

11. Defendant admits that some of Plaintiff's job responsibilities are listed in paragraph 11 of the Complaint and denies the remaining allegations.

12. The allegations contained in paragraph 12 of the Complaint call for a legal conclusion to which no response is required except a denial.

13. To the extent the allegations contained in paragraph 13 of the Complaint refer to this Defendant, they are denied. To the extent the allegations in paragraph 13 of the Complaint refer to the Plaintiff and what she allegedly realized, those allegations refer to the Plaintiff and Plaintiff is left to her proofs.

14. The allegations in paragraph 14 of the Complaint refer to an email and the document speaks for itself.  Plaintiff is left to her proofs and authentication of same and no further response is required except a denial.

15. Defendant admits that at all times it was interested in complying with all applicable laws, but denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant admits that it has obtained its NYC DCWP license and does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint.

17. The allegations contained in paragraph 17 of the Complaint call for a legal conclusion to which no response is required except a denial. Any allegations of wrongdoing are denied.

18. The allegations contained in paragraph 18 of the Complaint refer to the Plaintiff and, therefore, no response is required and Plaintiff is left to her proofs. To the extent the allegations in paragraph 18 of the Complaint refer to the Defendant, the allegations are denied.

19. Defendant admits that between October 2021 and March 2022, it used Plaintiff's agency at times to effectuate service of process, but denies the remaining allegations or illegal activities.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint except to state that the Plaintiff was advised the Defendant was obtaining all its requisite licenses.

21. Defendant admits that the Plaintiff was given the position of Server Operations Manager with an annual salary of $80,000, but denies the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint to the extent they refer to Defendant.

23. Defendant admits that Plaintiff had many territories, but deny the remaining allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant admits that Plaintiff had job responsibilities which included the training of new employees, and denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. To the extent the allegations contained in paragraph 27 of the Complaint refer to a slack message, the document speaks for itself and the Plaintiff is left to her proofs and authentication of same, and any allegations of wrongdoing by this Defendant are denied, except to admit that the monies had been deposited in Plaintiff's account and Defendant demanded that the monies be returned.

28. To the extent the allegations in paragraph 28 of the Complaint refer to emails, said emails speak for themselves and Plaintiff is left to her proofs and authentication of same. Defendant admits that it demanded that the Plaintiff return the monies that were improperly deposited into her bank account and denies the remaining allegations.

29. Defendant admits that the Plaintiff did not return the funds deposited in her account when requested and that Plaintiff continued to refuse to return monies which did not belong to her. Any allegations of wrongdoing are denied.

30. Defendant admits that the Plaintiff was advised as to the monies she was to return amounts to the extent of the allegations contained in paragraph 30 of the Complaint refer to any document, Plaintiff is left to her proofs and authentication of same since the document speaks for itself. The remaining allegations contained in paragraph 30 of the Complaint are denied.

31. The allegations in paragraph 31 of the Complaint refer to the actions of the Plaintiff and not this Defendant and, therefore, the allegations require no response except a denial to the extent they imply any wrongdoing by Defendant.

32. To the extent the allegations contained in paragraph 32 of the Complaint refer to an email, the document speaks for itself and the Plaintiff is left to her proofs and authentication of same and to provide the complete emails to which she refers. Any allegations of improper conduct by Defendant are denied.

33. Defendant has insufficient knowledge or information to form a belief as to what the bank allegedly reported to the Plaintiff. Defendant admits that the Plaintiff continued to withhold monies that did not belong to her and refused to return them to the Defendant. Defendant denies any allegations of wrongdoing and remaining allegations in paragraph 33 of the Complaint.

34. Defendant admits that on several occasions Plaintiff was told to send a check to the Defendant returning monies which did not belong to her and Plaintiff refused to do so. Defendant denies the remaining allegations contained in paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint refer to the Plaintiff and not Defendant. Therefore, no response is required except a denial. Defendant specifically denies that it has any knowledge or information of any alleged reports by Plaintiff to the New York State Department of Labor or the NYC DCWP via an alleged anonymous tip portal.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant admits that it had continuously looked into the fact that the Plaintiff was withholding monies from the Defendant that did not belong to her and denies the allegations in paragraph 37 of the Complaint to the extent they imply any wrongdoing by Defendant.

38. To the extent the allegations in paragraph 38 of the Complaint refer to screenshots and actions by the Plaintiff, Plaintiff is left to her proofs and authentication of same and the allegations are, therefore, denied.

39. Defendant admits that on or about January 5, 2023, the Plaintiff was terminated. To the extent the allegations contained in paragraph 39 of the Complaint refer to an email, the document speaks for itself and the Plaintiff is left to her proofs and authentication of same and the production of an entire email. No further response is required except a denial of any allegations of wrongdoing.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant admits that Plaintiff purports to assert claims for punitive damages, but denies that Plaintiff is entitled to such damages or that any of the acts by the Defendant rise to the level for imposition of punitive damages.

## **FIRST CAUSE OF ACTION**

48. Defendant repeats and reasserts its answers to the allegations contained in paragraphs 1 through 47 of the Complaint as if fully set forth herein at length.

49. The allegations contained in paragraph 49 of the Complaint call for a legal conclusion to which no response is required except a denial.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

## JURY DEMAND

Defendant herein demands a jury trial of all claims so triable.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

Plaintiff's claims fail based on the documentary evidence.

### AS AND FOR A THIRD DEFENSE

Defendant has not breached any alleged duties owed to Plaintiff.

### AS AND FOR A FORTH DEFENSE

Any alleged damages sustained by Plaintiff were the results of acts of third parties over which Defendant has no control.

### AS AND FOR A FIFTH DEFENSE

Defendant did not proximately cause any of Plaintiff' alleged damages.

### AS AND FOR A SIXTH DEFENSE

Defendant was properly terminated and not because of any alleged complaints by Plaintiff.

### AS AND FOR A SEVENTH DEFENSE

Plaintiff's damages, if any, are a result of her own actions.

### AS AND FOR AN EIGHTH DEFENSE

Plaintiff did not engage in a protected activity.

### AS AND FOR A NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A TENTH DEFENSE

Plaintiff's claims do not rise to the level required for the imposition of punitive damages.

### AS AND FOR AN ELEVENTH DEFENSE

Plaintiff has failed to mitigate her damages.

### AS AND FOR A TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### AS AND FOR A THIRTEENTH DEFENSE

At all times herein, Defendant acted in good faith and in accordance with the duty of care and policies of the association.

### AS AND FOR A FOURTEENTH DEFENSE

Plaintiff is not entitled to compensatory damages and/or injunctive relief.

### AS AND FOR A FIFTEENTH DEFENSE

Defendant took no action in violation of the New York Human Rights Law.

### AS AND FOR A SIXTEENTH DEFENSE

Defendant did not retaliate against Plaintiff engaging in any alleged protected activity.

### AS AND FOR A SEVENTEENTH DEFENSE

Defendant took no action in violation of law.

### AS AND FOR AN EIGHTEENTH DEFENSE

At all times, Defendant acted in good faith and followed policies and procedures.

### AS AND FOR A NINETEENTH DEFENSE

Defendant denies any statements made in any headings and not herein specifically denied.

### AS AND FOR A TWENTIETH DEFENSE

In addition to the foregoing defenses, Defendant retains the right to amend its Answer, to raise additional affirmative and other defenses, or to pursue any available counterclaims against Plaintiff.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant did not willfully intend to retaliate against Plaintiff.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has not suffered any cognizable harm.

### FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff has suffered any damages, which is expressly denied, such damages are not attributable to any alleged breach, fault and/or wrongdoing by the Defendant.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because at all relevant times, the Defendant's decisions and actions were motivated by lawful, legitimate, non-discriminatory and non-retaliatory factors.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

If Plaintiff was caused to suffer any damages as alleged in the Complaint (which damages are specifically denied by Defendant), other than as a result of Plaintiff's own culpable conduct or fault, said damages were the result of culpable conduct or fault of third persons for whose conduct Defendant is not legally responsible, and the damages recovered by Plaintiff, if any, should be diminished or reduced in the proportion to which caused the damages.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff was a faithless servant and Defendant reserves the right to seek a set off and/or damages from Plaintiff.

**WHEREFORE**, Defendant demands a dismissal of the action, attorneys' fees and costs, and any other relief which the Court deems just and proper.

Dated: New York, New York
       February 7, 2024

                                  Respectfully Submitted,

                                  GORDON REES SCULLY
                                  MANSUKHANI, LLP

                                  By: *Claudia A. Costa*
                                  Claudia A. Costa, Esq.
                                  One Battery Park Plaza, 28th Floor
                                  New York, New York 10004
                                  Tel: 212-269-5500
                                  Fax: 212-269-5505
                                  ccosta@grsm.com

                                  *Attorneys for Defendant Proof Technology, Inc.*

**TO: All Counsel of Record Via ECF**